## Barton v. Jones.

(Decided December 19, 1924.)

### Appeal from Barren Circuit Court.

1. Vendor and Purchaser—Purchaser Need Not Rescind to Recover Deficiency in Acreage.—Purchaser may recover damages for deficiency in acreage of lands purchased without rescission of contract.

2. Vendor and Purchaser—Purchaser May Recover for Deficiency in Acreage Amounting to 10 Per Cent or More—Words "More or Less," Defined.—Whether sale of lands be in gross or by the acre, purchaser may recover for deficiency in acreage amounting to ten per cent or more in quantity sold; the words "more or less" in deed relieving only from necessity for exactness, and not from gross deficiency.

3. Vendor and Purchaser—Recovery for Acreage Deficiency, Result-ing from Ignorance or Mistake, Proper.—Right of purchaser to recover for deficiency in acreage amounting to ten per cent or more is not confined to cases of fraud or mistake, but may be had though deficiency results from ignorance or mistake of parties.

4. Exchange of Property—"Exchange of Lands," Defined—Party En-titled to Recover for Deficiency in Acreage.—"Exchange of lands" is nothing more nor less than sale, and party to exchange of farms held entitled to recover value of 38⅕ acres deficiency in acreage of farm conveyed to him as containing 210⅕ acres; his rights be-ing the same as if he had paid purchase price in cash.

5. Exchange of Property—Limitation of Actions—Delay in Discover-ing Shortage of Acreage by Party to Exchange of Properties Held Not Bar to Recovery.—Where party to exchange of lands did not have tract conveyed to him surveyed for some five years, when he desired to divide for purposes of sale, at which time he discovered substantial deficiency in acreage and thereupon promptly insti-tuted action to recover value thereof, his suit was not barred by laches or limitations.

C. H. HATCHETT, V. H. BAIRD and THURMAN DIXON for ap-pellant.

BASIL RICHARDSON, W. L. PORTER and DAVIS T. RALSTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Barton and Jones swapped their Barren county lands, Barton conveying his tract to Jones and Jones deeding his tract to Barton. The deed of Barton recited that the tract which he conveyed to Jones contained 210 1/5 acres. The habendum clause reads:

"To have and to hold unto the party of the sec-ond part his heirs and assigns forever with covenant of 'general warranty' the title to said land was de-rived from A. S. Underwood and wife by deed dated 20th day of November, 1913, which deed is of record in deed book No. 63, page 465, in the office of the clerk of Barren county court."

This suit was commenced by appellee Jones against appellant Barton and his wife to recover of the Bartons, $1,658.00 alleged to be the value of 38 1/5 acres deficiency in the tract which Barton conveyed to Jones as 210 1/5 acres. Barton bought his land from Underwood and it was conveyed to Barton as containing 210 1/5 acres. It was all enclosed by fence. Jones lived in the same neighborhood and knew the tract of land. Before the trade was made the two men went over the tract of land and looked at it, Jones being told the boundary only extended to the fence. It is proven, however, that during the negotiations Jones asked Barton how many acres his tract contained, and he told him 210 and a fraction acres. Some time after Jones bought it he decided to subdivide it for the purpose of selling it. To do so he had it surveyed. The survey disclosed that the tract was something more than 38 acres short; that it contained only about 171 acres instead of 210 acres.

Appellant offered several defenses. First, he denied that he had said or represented to Jones that the tract contained 210 acres. He admitted, however, that the tract contains only 171 acres. He also denied the lands were worth $43.00 per acre, as claimed by Jones, but averred that the lands which would have made up the 38 acres deficit was poor white land worth only about $5.00 per acre. He further defends upon the theory that the lands were exchanged, tract for tract, and not by the acre. or upon an acreage bonus, or valuation. Another defense is that each party understood thoroughly the tract of land he was to receive in exchange for the lands he was conveying, and that Jones thoroughly understood he was to receive the lands owned by Barton enclosed by the fence pointed out as the line, and that he did not expect to receive any lands on the outside of that fence; that by mistake and inadvertence in copying the description of the lands the draftsman of the deed included in the description a tract of about 40 acres that had been sold off by Underwood, Barton's vendor, some time before Underwood conveyed the balance of the lands to appellant Barton; that this extra boundary was by mutual mistake of the parties included in the deed though not intended to be so embraced; and that appellee Jones fully understood he was not purchasing the lands thus described but only buying the lands enclosed by fence, and which

boundary did not include the small tract sold by Under-wood to Wade before Barton became the purchaser of the remainder.

Issue being joined the parties took proof, the substance of which is that appellant and appellee agreed to swap lands, each deeding to the other a boundary; that appellant Barton represented his tract as containing 210 acres when in fact it only contained 171 acres.

It is well settled that a vendee may have a recovery for deficiency in acreage of lands without a rescission of the contract.    Wigginton v. Holbrook, 193 Ky. 805; Gragg v. Levi, et al., 183 Ky. 182.

We have laid down the rule that a vendee of land may recover for shortage in acreage, if it amounts to ten per cent or more in quantity sold, and this is true whether the sale be in gross or by the acre.    The words "more or less" in a deed, relieve only from the necessity for exactness and not from gross deficiency.    Nor is the right confined to cases of fraud or mistake, but relief may be had in any case where the deficit is ten per cent or more, even though the deficiency results from mistake or ignorance of the parties.    Wigginton v. Holbrook, 193 Ky. 805.

It is claimed, however, by appellant Barton that the rules above stated do not apply to cases where lands are exchanged one for the other.    But we cannot agree to this.    We held in the case of Morris v. McDonald, 196 Ky. 716, that in an exchange of farms, whereby one of the deeds described the tract of land conveyed by metes and bounds, and recited that it contained "350 acres, 3 rods and 23 square poles," excluding three small tracts amounting to approximately ten acres, and there was evidence to the effect that, in the negotiations, leading to the trade, the number of acres in the farm was discussed, the transaction comes within the general rule applicable to sales in gross, and, as the deficit in acreage amounted to more than ten per cent, the purchaser was entitled to recover compensation at the ratable price per acre for the deficiency.    In the McDonald case we held in substance that where the sale of land is in gross, and there is a deficit in quantity of as much as ten per cent, the purchaser is entitled to reimbursement for the deficiency unless the sale was strictly and essentially by the tract without reference in the negotiations or contract to any

estimated or designated number of acres, or unless the
supposed quantity by estimation was mentioned or re-
ferred to in the contract only for the purpose of descrip-
tion and in such circumstance or in such manner as to
show that the parties intended to risk the contingency
of quantity, whatever it might be.

An exchange of lands is nothing more or less than
a sale. The only difference is in the mode of paying the
consideration. If instead of paying money one pays
land, it is nevertheless a sale. If in such deal one repre-
sents he has a certain number of acres in his boundary
and it later turns out he had a less number, recovery may
be had for the deficiency in the same manner and to the
same extent as if the purchase price for the land had been
paid in cash.

Appellant also insists that the appellee Jones can-
not maintain this action because he has slept too long on
his rights; or, if not that, then the action is barred by the
statute of limitations. It is true that the exchange was
made in 1917, whereas the action was not commenced
until June, 1922, a period of five years. It is also true
that neither appellant nor appellee knew of the deficiency
in acreage until shortly before the action was com-
menced. The lands were not surveyed by Jones until he
began to make preparations to subdivide it for the pur-
poses of sale. When the lands were surveyed and the
acreage ascertained to be only 171—a fact he did not
know up to that time—he acted very promptly in in-
stituting this action. We held in the case of Morris v.
McDonald, *supra,* that the failure of the grantee to have
the lands conveyed to him surveyed at the time the deed
was delivered or before it was resold, seven years
later, was not such laches on his part as precluded his
right, otherwise existing, to maintain an action for money
paid by mistake on account of a deficiency in quantity.
There the time was greater than in this case, but we held
the vendee entitled to recover for the shortage in acre-
age.

After a careful review of the facts in the case before
us we are convinced that it does not fall under the rule
recognized in many Kentucky cases that where a sup-
posed number of acres is named in a deed, the same is
mentioned merely as a part of the description and that
the parties meant to risk the contingency however much
it might exceed or fall short of the number of acres men-

tioned in the deed. We find no error to the prejudice of the substantial rights of appellant, and the judgment is affirmed.

Judgment affirmed.