## Watson v. Bean.

(Decided March 27, 1925.)

Appeal from Webster Circuit Court.

1. Continuance—Burden on Movant to Show Materiality of Absent Testimony.—Burden is on movant to show materiality of testimony for absence of which continuance is asked.

2. Appeal and Error—Continuance—Granting of Continuance is Matter of Discretion of Trial Court, which will Not be Disturbed Except for Abuse.—Granting of continuance is a matter of discretion of trial court, which will not be disturbed except for abuse.

3. Continuance—Refusal to Grant Continuance on Ground of Non-arrival of Depositions Held Not Error, Evidence Being Cumulative.—Refusal to grant continuance on ground of nonarrival of deposition held not error, where evidence thereon was merely cumulative.

4. Continuance—Refusal to Grant Continuance on Ground of Alleged Lack of Preparation of Attorneys to Defend Held Not Error.—Refusal to grant continuance on ground of alleged lack of preparation of attorneys to defend held not error, it appearing defendant had the service of an attorney of wide experience in practice of

law, and that original counsel were sufficiently recovered from illness to be present and assist in trial.

5. New Trial—Defendant's Failure to Adduce Testimony to Prove Bad Reputation Known to Him Before Trial Held to Preclude New Trial.—Defendant's failure to adduce testimony to prove bad reputation of plaintiff, known to him before trial of breach of promise case, held to preclude him from seeking new trial in order to prove such reputation.

6. Breach of Marriage Promise—Immorality Not Absolute Defense Unless Unknown.—Plaintiff's immorality held not absolute defense unless defendant at time of promise was unaware of it.  .

7. Breach of Marriage Promise—Evidence of Known Immorality Admissible to Reduce Recovery.—Evidence of plaintiff's immorality, known to defendant at time of promise, was admissible only to reduce recovery.

8. Breach of Marriage Promise—Absence of Testimony as to Plaintiff's Humiliation and Mortification Held Not to Prevent Recovery Therefor.—Absence of testimony as to plaintiff's humiliation and mortification held not to prevent recovery therefor, in view of legal implication of such damages.

9. Appeal and Error—Grounds for New Trial Not Urged Must be Treated as Waived.—Grounds for new trial not urged on appeal must be treated as waived.

BOURLAND & BLACKWELL for appellant.

P. H. WINSTON and RAYBURN & WITHERS for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The grounds urged by appellant, Ed Watson, for reversal of the judgment of $2,500.00 against him for breach of promise are three: (a) refusal of the trial court to grant a continuance, (b) defendant was entitled to a new trial, (c) instructions to the jury were erroneous.

In the petition of Mrs. Bean, a single woman, it is averred that appellant, Watson, proposed marriage to her and that she accepted him and they mutually agreed to marry each other on the 15th of November, 1922, but that on the 8th of November appellant broke the engagement and announced he would not marry her and refused to do so, causing her great humiliation and injuring her feelings and health, for which she prayed damages. The case was continued for the first term and appellant sought a continuance at the trial term, but this was refused, hence his first complaint.

The action was filed November 22, 1922, and the trial was had in May, 1923. Appellant took one deposition in

Illinois on Saturday before the court opened, at which term the case was tried. As it was taken in shorthand it was necessary for the stenographer to transcribe it before sending it to the clerk of the Webster circuit court. In support of his motion for continuance appellant filed his affidavit showing the taking of the deposition in short-hand, the payment of the fees and his instructions to the stenographer to immediately transcribe and forward the deposition to the clerk of the Webster circuit court; that at the time of the calling of the case for trial and the filing of the motion for continuance the deposition had not arrived; that it was important to his defense. The affidavit does not disclose to what the witness testified, but we learn from the record that the deposition related to the general reputation of appellee, Mrs. Bean, and tended to show it bad. This was proven at the trial by other witnesses. The evidence in the deposition, there-fore, would have been cumulative, and inasmuch as the affidavit does not disclose the contents of the deposition its materiality cannot be definitely known. Appellant was not entitled to a continuance on this ground unless the evidence was material, and the burden was on him to show its materiality in support of his motion for a con-tinuance. In the same affidavit appellant, Watson, stated that his two chief attorneys and counsellors were sick and unable to conduct the trial; that they had been sick for a year or more; that he had one other lawyer, a young man, whose experience he did not think was sufficient to justify him in allowing him to conduct the trial; that he had engaged another lawyer on that day, before the filing of the motion and affidavit for a continuance, a Mr. Tay-lor, of Henderson, but that Taylor had not opportunity to acquaint himself with the nature of the case and pre-pare for trial, for which reason the appellant asked the court to continue the case.

It is admitted that appellant had the service of Mr. Stone, the young attorney, and Mr. Taylor, a man of wide experience in the practice of law, at the trial; and further that his original counsel who had been sick were sufficiently recovered to be in court and assist in the trial. If as stated in affidavit, his chief counsel had been sick for several months, appellant should have anticipated their indisposition and engaged other attorneys to repre-sent him at the trial. The granting of a continuance is a matter largely in the sound discretion of the trial court. Unless that discretion is abused the judgment will not

be reversed on this ground by this court. We do not think the showing made by appellant was sufficient to require the trial court to grant a continuance.

(b)   After the verdict was returned appellant Watson filed motion and grounds for new trial. Among other things he relied upon newly discovered evidence. In support of his motion for new trial he filed a number of affidavits, showing the nature and relevancy of the newly discovered evidence. The appellee, Mrs. Bean, resisted the motion for new trial and filed several affidavits in opposition to the motion. In the motion as amended it is said: "Since the completion of the trial of this case he (defendant) has discovered certain material, competent and convincing evidence, tending to prove properly the facts which were not proved nor touched upon in the trial of the said case, and which were not directly in issue at said trial; that said new evidence is not cumulative of other evidence which was on said trial introduced, etc."

In support of this ground appellant filed the affidavit of Ray Pride, stating, in substance, that affiant had known Mrs. Bean for many years and he had been intimately associated with her and during their association they had consorted together, having sexual intercourse with each other, and that the plaintiff, Mrs. Bean, was devoid of virtue and that she charged and collected money from him because of their relations. He also filed the affidavit of John Braden, stating he had known Mrs. Bean for a long time; that he had drunk whiskey with her and they had become drunk together; that he had bought her clothing, shoes and other articles of wearing apparel at her solicitation and that during that time he had consorted with her, having sexual intercourse with her on different occasions. In addition to the foregoing he filed the affidavits of Dr. Davis, Mrs. Emily Wicks, Brady Head, I. E. Skaggs, and Hiram Dean, Jr., to the effect that they were acquainted with Mrs. Bean and that her reputation for virtue and chastity was not good. One or more of the counter affidavits averred that appellant stated before the trial that he expected to prove by named witnesses at the trial that appellee, Mrs. Bean, was a woman of bad character and that they had sexual intercourse with her.

On the trial appellant, Watson, testified in his own behalf, stating he had known appellee, Mrs. Bean, for a number of years; had been associated with her and was

acquainted with her general reputation for virtue, chastity and morality and that it was bad. That he knew this at the time he was going to see her for a year before the trial.

Upon this showing the trial court overruled appellant's motion for a new trial. As his chief ground was his ignorance of her bad character, especially as to her having sexual intercourse with other men, before the trial, it was important to Mrs. Bean to show that he had such knowledge, or at least claimed to have such knowledge. The court may have concluded that appellant, Watson, knew of the bad character of appellee before the trial and had information she had sexual intercourse with other men before the trial begun; or it may have concluded that these facts were not important in view of his pleading and admission in evidence that appellee was a woman of bad character. If appellant knew the reputation of appellee before the trial began and knew or had information of her misconduct with other men he should have called witnesses to prove these facts, and if he failed to do so he was in no position to ask a new trial upon that ground. While he was entitled under the general issue to prove the bad character of the appellee for virtue, it was not an absolute defense unless at the time of his promise to marry her he was unaware of her immorality. It would only be competent for the purpose of reducing the recovery if it were known to him before and at the time he agreed to marry her.

"If the defense be general bad character, evidence of reputation is receivable; 'for,' says Lord Kenyon, 'character is the only point in issue; public opinion, founded on the conduct of the party, is a fair subject of inquiry.' If the defense rests on specific allegations of misconduct, these must be strictly proved; and *if the defendant knew the general bad character, or the specific misconduct, before making the promise, they constitute no defense..*" Edmonds v. Hughes, 115 Ky. 566.

(c) Appellant next insists that the instructions given by the court to the jury were erroneous, because it allowed a recovery by Mrs. Bean for humiliation and mortification of feelings, whereas she did not testify that she had been humiliated or had suffered mental anguish. This was not error. "Proof of specific elements of damage is not essential to a recovery in such actions." So

says the text in 9 C. J. 350. In support of this text is cited the case of Finkelstein v. Barnett, 40 N. Y. S. 694, holding that a plaintiff need not prove mental anguish because of the breach, as that is sufficiently apparent from her disappointment at defendant's refusal to marry her. It is such damages as the law implies from a breach of promise. It flows naturally and inevitably from such breach, and must have been within the contemplation of the parties to the marriage contract as a natural result of its breach.

While there were a number of other alleged grounds for new trial set forth in the motion of appellant filed in the lower court, none of them were urged here, and all others must be treated as waived by appellant. We find no error prejudicial to the rights of appellant.

Judgment affirmed.