# King v. King's Executors.

(Decided February 18, 1930.)

W. V. PERRY for appellant.

COLEMAN TAYLOR for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action for a new trial instituted by Katie B. King against the executors of J. M. King, Sr. The circuit court rendered a judgment in favor of the defendants, and the plaintiff has prosecuted an appeal. The executors instituted an action against Katie B. King to enforce a vendor's lien for $2,950. The defendant interposed various defenses to the action, and the issues in that case were completed at the February term of court, 1928. No proof was taken until January, 1929, at which time the plaintiffs took depositions. At the February, 1929, term of court, the defendant filed a written motion for a continuance sworn to by the defendant and supported by the affidavit of her physician. The grounds

for continuance were adjudged insufficient by the court and the case was submitted, resulting in a judgment for the executors. No appeal was taken from the judgment, but in April, following, this action was instituted for a new trial upon the grounds: First, that the court had erred in refusing a continuance; and, second, that plaintiff had discovered an additional defense to the action and some additional evidence to sustain her original defenses to the action.

It is first argued that the court should have granted the appellant a continuance of the first case, but an error of that character does not afford any ground for an action for a new trial. It is reviewable on a direct appeal from the judgment. Under section 519, subsection 7 of the Civil Code of Practice, a new trial may be granted for unavoidable casualty or misfortune preventing the party from appearing or defending. Plainly a party is not prevented from appearing or defending a case in which an answer has been filed, and ample opportunity afforded to take proof. There is no doubt of the power of this court to correct an error of the circuit court in refusing to grant a continuance. But such error must be corrected in a direct appeal for that purpose. Watson v. Bean, 208 Ky. 295, 270 S. W. 801; Morgan v. Mengel, 195 Ky. 545, 242 S. W. 860; Higgins v. Gose, 144 Ky. 123, 137 S. W. 1038; Neely v. Stong, 186 Ky. 540, 217 S. W. 898. In the case of Commonwealth v. Weissinger, 143 Ky. 368, 136 S. W. 875, relied upon by appellant, it was expressly held that the extraordinary remedy afforded by section 518 of the Civil Code of Practice could not be invoked when other remedies were available. That section was designed to supplement, but not to supersede, other provisions authorizing motions for a new trial and allowing appeals, and it can only be invoked by a party when the other remedies are not available to him. See also Lovelace v. Lovell, 107 Ky. 677, 55 S. W. 549, 21 Ky. Law Rep. 1433.

The next insistence is that appellant was entitled to a new trial under section 340, subsection 7 of the Civil Code of Practice, providing that a new trial may be granted for "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." If the grounds for a new trial be discovered after the term at which the decision was rendered, the application may be made by a petition, as was done in this case. Section 344, Civil Code of Practice. Appellant alleged that

540

after the rendition of the judgment she had discovered a shortage of more than 10 per cent. in the land conveyed to her by the testator, and for which she had executed notes. Barton v. Jones, 206 Ky. 238, 267 S. W. 214. If the newly discovered facts had been known, she could have presented them, and they would have entitled her to an abatement of the purchase price to the extent of the shortage. If it be true that there was a shortage, it would affect merely the amount of the recovery, and appellant was not bound to present a counterclaim or set-off. Civil Code of Practice, sec. 96, note 24. The judgment rendered would be no bar to any cause of action the appellant may have against the estate of the testator, but which was not presented or adjudicated. Civil Code of Practice, sec. 17; Jefferson v. Western National Bank, 144 Ky. 62, 138 S. W. 308. The facts appearing did not entitle the appellant to a new trial, or authorize the court to grant one. Benge v. Marcum, 194 Ky. 121, 238 S. W. 174; Meade v. Elkhorn Fuel Co., 194 Ky. 86, 238 S. W. 201. It is not a case where the evidence was deemed inadequate at the trial, and important evidence was subsequently discovered which would sustain the defense and be decisive of a different result, if a new trial should be granted. Anshutz v. Louisville R. Co., 152 Ky. 741, 154 S. W. 13, 48 L. R. A. (N. S.) 87; Louisville & N. R. Co. v. Hulette, 171 Ky. 504, 188 S. W. 653; Louisville & N. R. Co. v. Wright, 183 Ky. 638, 210 S. W. 184, 4 A. L. R. 478.

The circuit court committed no error in dismissing the action for a new trial.

The judgment is affirmed.