FREED *v.* KILLMAN.

(In Banc.   March 23, 1942.)

[6 So. (2d) 909.   No. 34886.]

Chester L. Sumners, of Corinth, and Q. Austin East, of Bloomington, Ind., for appellant.

W. C. Sweat and N. S. Sweat, both of Corinth, for appellee.

Argued orally by Chester L. Sumners, for appellant, and by W. C. Sweat and N. S. Sweat, for appellee.

Griffith, J., delivered the opinion of the court.

This is an action for alleged breach of promise of marriage, and, as is not unusual in such cases, there was a verdict for the defendant.

It is insisted by appellant that she should have had the peremptory charge in her favor, but a careful reading of the record discloses such a completely disputed issue

whether in fact the alleged promise was ever in any form made as to place it beyond the authority of the court to take that issue from the jury.

The argument to which appellant has devoted her attention in chief is that the court erred in admitting evidence on behalf of appellee that the general reputation of appellant for chastity was and is bad. We shall assume for the purposes of the present case that the evidence was sufficient to show that at the times when, as appellant alleges, the several promises of marriage were made, appellee knew of the bad reputation of appellant, or had knowledge of such facts as would put him upon notice.

In actions for breach of promise of marriage, one of the elements of damage to be considered in arriving at the amount of the award is the loss of reputation, and, as a consequence, the rule is generally recognized, and we adopt it, that evidence that the character or general reputation of the plaintiff for chastity is bad is admissible on behalf of the defendant in mitigation of the damages. 1 Wigmore Ev. (2 Ed.), Sec. 75, pp. 313, 314; 2 Jones Com. on Ev. (2 Ed.), Sec. 655, p. 1219; 8 Am. Jur., p. 872; 11 C. J. S., Breach of Marriage Promise, Sec. 44, p. 813; Notes, Ann. Cas. 1912D, p. 964. The fact that at the time of the alleged promise the bad reputation was known to the defendant does not render it inadmissible, for, in view of the reason for the rule, it remains nevertheless matter in mitigation, although not available in such case as a bar. Watson v. Bean, 208 Ky. 295, 299, 270 S. W. 801; 9 C. J., p. 373; 11 C. J. S., Breach of Marriage Promise, Sec. 44, p. 813, note 26. A close study of Carney v. McGilvray, 152 Miss. 87, 119 So. 157, relied on by appellant, will reveal that it is no authority to the contrary of what we are herein announcing.

There is a well-established exception which is that if the bad character or bad reputation was the result of, or was brought about by, the conduct of the defendant himself, and not otherwise, he may not avail of it either in

mitigation or in bar, but the facts disclosed in the present case are not sufficient to bring it within the stated exception.

Appellant complains that such testimony, even if admissible in mitigation, is objectionable because it might, and probably did, mislead the jury into believing that it was sufficient to constitute a bar, and that to admit such evidence without an instruction to the jury limiting its effect was error. The answer to that complaint is, however, that appellant did not request any such an instruction, and in the absence therefor, she cannot put the court in error for a failure to give it. See Gulf & Ship Island Railroad Co. v. Simmons, 153 Miss. 327, 121 So. 144.

Affirmed.