GRIFFIS, P.J.,
for the Court:
¶ 1. Willie M. Galloway and Lucille S. Galloway filed a complaint against Walter Taylor for damages under Mississippi *1162 Code Annotated section 95-5-10 (Rev. 2004), commonly referred to as the Mississippi timber trespass statute. The County Court of Madison County, Mississippi, entered a judgment in favor of the Galloways for compensatory damages, statutory damages, and court costs, including attorney’s fees. In this appeal, Taylor asserts three issues: (1) whether a statement made by Taylor’s father to Taylor was erroneously excluded as hearsay; (2) whether the county court erred when it directed a verdict on the issue of statutory damages under section 95-5-10(2); and (8) whether the county court erred in the award of court costs, including attorney’s fees. We affirm in part and reverse and remand in part.
FACTS
¶ 2. On April 20, 2009, the Galloways filed a complaint against Taylor for the unlawful cutting of timber on 3.92 acres of their property, without their permission, in violation of Mississippi Code Annotated section 95-5-10. On June 10, 2009, Taylor filed an answer and counterclaim. Taylor asserted a claim to the subject property based on adverse possession.
¶ 3. The county court held a jury trial on July 19 and 20, 2010. At the conclusion of the evidence, the Galloways made a motion for a directed verdict as to Taylor’s counterclaim for adverse possession. The county court granted a directed verdict and dismissed Taylor’s counterclaim for adverse possession.
¶ 4. The Galloways also made a motion for a directed verdict for the unlawful cutting of trees without consent and for the assessment of statutory damages on the basis that Taylor’s actions were willful and in reckless disregard for the Galloways’ rights. The county court granted the directed verdict and concluded that the Gal-loways were the owners of the subject property, and Taylor cut timber on the subject property without the Galloways’ consent. As a result, the court found that Taylor was liable for compensatory damages and statutory damages under section 95-5-10(1) and (2).
¶ 5. The county court judge submitted to the jury the determination of the fair market value of the cut timber. The jury concluded that the fair market value of the cut timber was $17,425.64, and this amount was awarded to the Galloways as compensatory damages under section 95-5-10(1). The issue of statutory damages was not submitted to the jury. The county court determined that reasonable jurors could not have arrived at a verdict in favor of Taylor on the issue of whether he cut the Galloways’ timber willfully and in reckless disregard for their rights.
¶ 6. On July 30, 2010, the county court entered a final judgment. The Galloways were awarded $17,425.64 in compensatory damages and $43,010 in statutory damages, for a total of $60,435.64.
¶ 7. On August 9, 2010, Taylor filed a motion for reconsideration, a motion for a new trial, and a motion for a judgment notwithstanding the verdict. The county court denied these motions. On August 30, 2010, the Galloways filed a motion for court costs under section 95-5-10(3). By order dated September 9, 2010, the county court awarded the Galloways $15,378.51 in court costs, which included the Galloways’ attorney’s fees.
¶ 8. Taylor timely appealed to the Madison County Circuit Court. On August 26, 2011, the circuit court entered an opinion and order that affirmed the county court’s judgment. It is from the circuit court’s judgment that Taylor now appeals.
ANALYSIS
¶ 9. This case presented a claim for damages under the Mississippi timber trespass *1163 statute, Mississippi Code Annotated section 95-5-10, which provides:
(1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner. The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.
(2) If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-Five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.
(8) All reasonable expert witness fees and attorney’s fees shall be assessed as court costs in the discretion of the court.
¶ 10. The Galloways asserted a claim for compensatory damages under subsection (1). If a person trespasses on the land of another and cuts any timber, the trespasser shall be responsible to the owner for damages in the amount of “double the fair market value of the tree cut down” and the “reasonable cost of reforestation.” Miss.Code Ann. ? 95-5-10(1). The Gallo-ways may recover under subsection (1) if they prove that they own the land and that Taylor, or his agent, cut trees off their land. Subsection (1) specifically provides that “liability for the damages established in this subsection shall be absolute and unconditional!,] and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability.”
*1164 ¶ 11. The county court judge directed a verdict to grant the Galloways’ claim for compensatory damages under section 95-5-10(1). The amount of the fair market value of the cut timber was presented to the jury, and the jury returned a verdict in the amount of $17,425.64. In the final judgment, the county court awarded compensatory damages under section 95-5-10(1) in this amount. Taylor does not challenge this award in this appeal. However, this claim is essential to our consideration of the first issue.
¶ 12. The Galloways also asserted a claim for statutory damages under subsection (2). If the cutting is done “without the consent of the owner of such tree [and is] done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down ... shall pay to the owner ... a penalty” based on the number and sizes of the trees cut. Miss.Code Ann. § 95-5-10(2). However, for the Galloways to recover the statutory damages, the statute requires that they prove that Taylor acted “willfully and knowingly, in conscious disregard for the rights of the owner,” when he “cut down, deadened, destroyed or took away such trees.” Id. Unlike subsection (1), statutory damages under subsection (2) could not be recovered if the person who cut the tree was under “good faith or ... honest mistake” when he cut the tree. Miss.Code Ann. § 95 — 5—10(1)— (2). As to this claim, the county court judge directed a verdict on the claim and awarded damages in the amount of $43,010.
¶ 13. The Galloways also asked the court to assess court costs, which include expert-witness fees and attorney’s fees, under subsection (3). See Miss.Code Ann. § 95-5-10(3). The county court judge awarded court costs in the amount of $15,378.51.
¶ 14. With this overview in mind, we address the issues raised by Taylor.

I. The county court committed prejudicial error by not allowing Taylor’s testimony of conversations with his father.

¶ 15. Taylor argues in his first issue that the county court committed reversible error when it refused to allow Taylor to testify about his conversations with his father.
¶ 16. At trial, Taylor’s counsel asked Taylor about discussions between Taylor and his father. It was apparent that Taylor intended to testify that his father had told him that one day Taylor would own the property in question. When Taylor’s counsel began to ask Taylor about his discussions with his father, the Galloways’ counsel objected on the ground that such evidence would be hearsay. Taylor’s counsel offered the county court judge no explanation as to why the testimony was not hearsay or would otherwise be properly admitted into evidence. The trial judge sustained the objection, and Taylor was not allowed to testify about his conversations with his father.
¶ 17. On appeal, Taylor argues that the testimony was not offered to prove the truth of the matter asserted. Hence, he argues that the testimony did not meet the definition of hearsay under Mississippi Rule of Evidence 801(c). ‘We review a trial court’s ruling regarding the admission or exclusion of evidence under an abuse-of-discretion standard of review.” Hester v. Samples, 74 So.3d 383, 388 (¶ 19) (Miss.Ct.App.2011).
¶ 18. It is important to put this argument in context. Taylor does not claim that this evidence would support his de *1165 fense to the Galloways’ claim for compensatory damage, under section 95-5-10(1). Instead, for the first time in this appeal, Taylor claims that this testimony would be:
An important element of [TaylorJ’s defense to [the Galloways’] claim for additional punitive damages under Miss. Code. Ann. § 95-5-10(2) [was] that he acted in good faith and not willfully or in reckless disregard for [the Galloways’] rights was testimony regarding that his belief of ownership originated from a conversation between he and his father in 1956 that the subject property belonged to [Taylor]’s father and would be his after his father died.
Thus, Taylor argues that any statement made by his father that indicated that Taylor would one day own the subject property after his father’s death was not hearsay, because the conversation was not offered to prove Taylor’s ownership of the property but was offered to show Taylor’s good-faith belief that he owned the property-
¶ 19. As to the Galloways’ claim for compensatory damages under section 95-5-10(1), the only issue was who was the legal owner of the property where the trees were cut. Taylor’s testimony about his father’s statement would have been offered to rebut the Galloways’ claim of ownership. Such testimony of what Taylor’s father told him about the ownership of the land would certainly be hearsay when offered for this purpose. “Hearsay” is defined as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” M.R.E. 801(c). The trial judge was correct to exclude Taylor’s testimony that his father told him he would one day own the property because such an out-of-court statement would have been offered “to prove the truth of the matter asserted,” i.e., ownership. Under Mississippi Rule of Evidence 802, such hearsay would not be admissible.
¶20. However, if the testimony was offered to rebut the claim for statutory damages under section 95-5-10(2), the result could be different. The claim for statutory damages required the jury to consider Taylor’s subjective belief that he owned the property. As to this claim, it would have been proper for Taylor to testify about his father’s out-of-court statement for the nonhearsay reason that it was offered to prove Taylor had a good-faith reason to believe that he owned the property.
¶ 21. Unfortunately, at trial, Taylor’s counsel offered no response to the Galloways’ objection. In fact, Taylor’s counsel did not even argue that he sought to elicit this testimony for a nonhearsay purpose. Had Taylor’s counsel offered such a response, the trial judge would have had an opportunity to admit the out-of-court statement for its proper purpose, with a limiting instruction.[1] Taylor’s coun *1166 sel made no such request or argument before the trial judge.
¶ 22. Taylor now claims the trial judge was in error, but this matter was not presented to the trial judge. Taylor’s counsel could have offered the disputed evidence for a nonhearsay purpose or asked the court to “restrict the evidence to its proper scope and instruct the jury accordingly,” but Taylor’s counsel did neither. M.R.E. 105. As a result, we conclude that the trial judge was not in error in the decision to sustain the objection. Had Taylor’s counsel argued and offered the testimony for a nonhearsay purpose, under Rule 105, our conclusion may be different. The matter argued on appeal was not properly presented to the trial judge and not preserved for appellate review. Based on the manner in which the testimony was presented, the trial judge’s ruling to exclude the evidence was correct. We find no error and affirm the trial court’s decision as to this issue.

II. Whether the county court erred by entering a directed verdict on the issue of statutory damages under Mississippi Code Annotated section 95-5-10(2) instead of submitting the issue to the jury.

¶ 23. Taylor argues in his second issue that the county court committed reversible error when it granted a directed verdict in favor of the Galloways as to statutory damages under section 95-5-10(2). Taylor asserts that this is error because he presented evidence of his good-faith belief that he actually owned the property.
¶24. “This Court reviews the trial court’s grant or denial of a motion for a directed verdict under a de novo standard of review.” Ryals v. Bertucci, 26 So.3d 1090, 1094 (¶ 16) (Miss.Ct.App.2009). “In conducting such a review, we ‘must decide whether the facts presented, together with any reasonable inferences, considered in the light most favorable to the nonmoving party, point so overwhelmingly in favor of the movant that reasonable jurors could not have returned a verdict for the plaintiff.’ ” Id. (quoting Troupe v. McAuley, 955 So.2d 848, 858 (¶ 28) (Miss.2007)).
¶ 25. To award statutory damages under section 95-5-10(2), the cutting must have been done “willfully, or in reckless disregard for the rights of the owner of such tree.” Further, section 95-5-10(2) specifically states what proof the Gallo-ways must offer:
To establish the right of the owner pri-ma facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.
¶ 26. Taylor argues that the county court erred when it granted a directed verdict on statutory damages and failed to submit this issue to the jury. Taylor claims that he submitted evidence that he did not act willfully or in reckless disregard for the Galloways’ rights. We agree. Taylor’s own testimony was sufficient to show that he did not act “in conscious disregard for the rights of the owner,” the Galloways. Taylor presented evidence that he believed he was the actual owner of the subject property. Thus, because there was conflicting evidence over whether Taylor acted willfully or in reckless disregard for the Galloways’ rights, the issue should have been presented to the jury.
*1167 ¶ 27. The property in dispute was 3.92 acres of land that is located on the west side of Mt. Pilgram Road in Madison County, Mississippi. At trial, the parties disputed who owned the subject property. It was established that the Galloways were the actual owners, as evidenced by a warranty deed dated October 3, 1972. This fact is not disputed on appeal.
¶ 28. Taylor testified that he believed that he owned the subject property. He asserts that this belief was a good-faith belief and negates any willfulness or reckless disregard for the Galloways’ rights. Taylor’s belief of ownership is based on his history of familial land ownership immediately adjacent to and surrounding the subject property. Taylor’s grandfather owned several acres on the west and east sides of Mt. Pilgram Road. In 1954, Taylor’s grandfather partitioned all of his property among his five children: parcel one went to Jerry Taylor, Taylor’s father; parcel two went to Bessie Taylor B organ, Taylor’s aunt; parcel three went to Mattie Taylor Shaw, Taylor’s aunt; parcel four went to Willie Taylor,[2] Taylor’s uncle; and parcel five went to Emma Taylor Stewart, Taylor’s aunt. Parcels four and five were on the west side of Mt. Pilgram Road, while the remaining parcels were on the east side of the road. In 1965, Taylor was deeded his father’s property (parcel one), all of which was on the east side of Mr. Pilgram Road. Taylor testified that he believed he owned the subject property because he was born on the subject property in 1931, and he frequently played on the property as a child.
¶ 29. In 2008, Taylor was preparing to sell portions of his property. He hired Kenneth Reese to survey his property, which Taylor thought included the subject property. Reese informed Taylor that he could not find any record evidence that Taylor owned the subject property.
¶ 30. Nevertheless, on May 12, 2008, Taylor entered into a logging contract with Henson Logging to log the subject property along with another piece of property. Harold Henson paid Taylor for the timber Henson cut and removed from the subject property. According to the Galloways, the fact that Taylor was told there was no record evidence of Taylor owning the subject property is indicative of his willfulness or reckless disregard for their rights.
¶ 31. Certainly, the Galloways may be correct. However, this issue should have been presented to a jury because Taylor presented conflicting evidence that he believed — in good faith — he owned the subject property. “Credibility determination[s], the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.” Garner v. Hickman, 733 So.2d 191, 194-95 (¶ 13) (Miss.1999) (citation omitted). “The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.” Id. Because there was enough conflicting evidence as to whether Taylor acted willfully or in reckless disregard for the Galloways’ ownership rights, the issue of statutory damages should have been submitted to the jury.
¶ 32. As a result, we reverse the award of statutory damages under section 95-5-10(2) and remand the case to the circuit court for a new trial on statutory damages. On remand, the circuit court shall have a jury determine whether statutory damages should be assessed against Taylor, and if so, the amount of such damages.

*1168
III. Whether the county court erred in awarding the Galloways’ court costs, including attorney’s fees, under Mississippi Code Annotated section 95-5-10(3).

¶ 33. In his final issue, Taylor argues that the county court committed reversible error when it awarded court costs and attorney’s fees. Section 95-5-10(3) provides that “[a]ll reasonable expert witness fees and attorney’s fees shall be assessed as court costs in the discretion of the court.” This provision gives a “trial judge discretion to award expert witness fees and attorneys’ fees to a litigant who prevails on a claim of cutting of timber.” Stockstill v. Gammill, 943 So.2d 35, 49 (¶ 29) (Miss.2006) (citation omitted). Our supreme court has ruled:
With the sole exception of punitive damages cases, in the absence of contractual provision or statutory authority therefor, this Court has never approved awarding trial expenses and attorney’s fees to the successful litigant. It has consistently been our view that such expenses are not allowable as part of the costs. Even where legal counsel for plaintiff unnecessarily put the opposing side to extra legal and trial expenses[,] we refused to permit an award of attorney’s fees.
Id. (quoting Grisham v. Hinton, 490 So.2d 1201, 1205 (Miss.1986)). Further, in Stockstill, our supreme court held that a trial judge properly refused to award court costs and attorneys’ fees where the cutting of timber was done by mistake, and no statutory damages were awarded. Id. at 49-50 (¶¶ 29-30).
¶ 34. Because we reverse and remand the issue of statutory damages under section 95-5-10(2), we also reverse and remand the issue of court costs and attorney fees. We make no finding as to whether such costs should be assessed. Instead, section 95-5-10(3) gives the court discretion to award such costs, and the appropriate time to consider such award is at the conclusion of the case.
CONCLUSION
¶ 35. The award of compensatory damages was not the subject of this appeal. Thus, our conclusion does not impact the award of damages under section 95-5-10(1). We reverse the court’s entry of a directed verdict in favor of the Galloways as to the award of statutory damages under section 95-5-10(2) and remand the case to the circuit court[3] for the jury to consider whether such damages are appropriate. We also reverse and remand the award of court costs, which included the Galloways’ attorney’s fees. At the conclusion of this matter, the trial court in its discretion shall determine whether to assess court costs and attorney’s fees under section 95-5-10(3).
¶ 36. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEES.
BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT. RUSSELL, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., IRVING, P.J., AND MAXWELL, J.

. Mississippi Rule of Evidence 105 provides:
LIMITED ADMISSIBILITY
When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly. The official comment to the rule provides: This rule is a reflection of the existing practice of admitting evidence regarding one party or one purpose and excluding it as regarding another party or another purpose. ...
The rule requires that the party affected make a request to limit the evidence. If no request is made, and consequently the evidence is admitted, existing practice suggests that no error has been committed. *1166 See Freed v. Killman, 192 Miss. 643, 6 So.2d 909 (1942).

. The Galloways later purchased Willie Taylor’s property, which was adjacent to and north of the subject property on the west side of Mt. Pilgrim Road.

. The remand to the circuit court is required pursuant to Mississippi Code Annotated section 11-51-79 (Rev.2012).