# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01466-COA

| | |
|---|---|
| **WALTER LEE TAYLOR** | **APPELLANT** |

**v.**

| | |
|---|---|
| **LUCILLE S. GALLOWAY** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PAUL E. ROGERS |
| | BRIDGETT B. CLAYTON |
| | MARY CATHERINE WILLIAMS |
| ATTORNEY FOR APPELLEE: | JAMES L. MARTIN |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | AWARDED STATUTORY DAMAGES AND ATTORNEY'S FEES |
| DISPOSITION: | AFFIRMED: 05/03/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. This is the second appeal in a tree-cutting case. In May 2008, Walter Taylor, who claimed to own the land at issue through adverse possession, contracted with a logger and harvested timber on the Galloways'[1] four acres, without their permission and in violation of Mississippi Code Annotated section 95-5-10 (Rev. 2004). In the first trial, the jury found Taylor liable for approximately $17,500 in compensatory damages under section 95-5-10(1).

---

[1] The other original party to this case, Willie M. Galloway, died in August 2012.

This was uncontested on appeal, but we reversed and remanded on the questions of additional statutory penalties and other fees and costs allowed by subsections (2) and (3) of the statute. *Taylor v. Galloway*, 105 So. 3d 1160 (Miss. Ct. App. 2012).

¶2.     After the second trial on remand (the first ended in a mistrial), the jury awarded Galloway $43,560 in statutory penalties under section 95-5-10(2). The trial court then awarded an additional $42,767.64 for attorney and witness fees and court costs under section 95-5-10(3). Taylor contests both of these awards on appeal, but we find no merit to his contentions and affirm.

## DISCUSSION

### 1. Burden of Proof

¶3.     Taylor's first contention is that the trial court erred in instructing the jury that it could award statutory penalties based on a preponderance of the evidence. We review the trial court's decisions regarding whether to give or refuse a jury instruction for an abuse of discretion. *Bailey v. State*, 78 So. 3d 308, 315 (¶20) (Miss. 2012).

¶4.     Section 95-5-10(2) reads:

> If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen

2

(18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.

¶5. In his brief on appeal, Taylor summarily and without argument characterizes the penalties that were awarded as punitive damages. Therefore, he contends, the penalties could be awarded only after a finding of clear and convincing evidence of "actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or . . . actual fraud." *See* Miss. Code Ann. § 11-1-65 (Rev. 2014).

¶6. But the Mississippi Supreme Court has held that "[t]he statutory penalty for cutting trees and punitive damages for trespass upon the property bear a different relation and a different burden of proof." *Seismic Petroleum Servs. Inc. v. Ryan*, 450 So. 2d 437, 440 (Miss. 1984) (discussing the statute in effect at the time). In fact, the tree-cutting statute provides that punitive damages *cannot* be awarded for the cutting of trees. It states (in relevant part):

> The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees but shall not limit actions or awards for other damages caused by a person.

Miss. Code Ann. § 95-5-10(1).

¶7. Although the question is not squarely before us because Taylor has not argued it, our supreme court has held that under a prior iteration of the tree-cutting statute, statutory

3

penalties need only be proven by a preponderance of the evidence. *See Rector v. Shippey, Outzen & Co.*, 93 Miss. 254, 256, 46 So. 408, 408 (1908).

¶8. It is clear in this case that Galloway sought and received damages under the tree-cutting statute, section 95-5-10(2), and not punitive damages for trespass as Taylor contends. Taylor offers nothing but bare assertions to the contrary. The trial court's judgment is always presumed to be correct, and the burden falls upon the appellant to show reversible error. *Jordan v. State*, 995 So. 2d 94, 103 (¶14) (Miss. 2008). Taylor has failed to do so.

¶9. We affirm the refusal of Taylor's proposed jury instruction.

## 2. Fees and Costs

¶10. Taylor's final issue is whether the trial court erred in awarding fees and costs to Galloway under section 95-5-10(3), which provides that "[a]ll reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court."

¶11. We will reverse the trial court's award only when that discretion was abused. *Stockstill v. Gammill,* 943 So. 2d 35, 49 (¶29) (Miss. 2006) (citation omitted); *Taylor,* 105 So. 3d at 1168 (¶33).

¶12. Taylor's argument here depends entirely on his prevailing under the prior issue. As he did not, these arguments are moot and this issue is without merit.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, WILSON AND GREENLEE, JJ., CONCUR. JAMES, J., CONCURS IN PART AND**

4

**DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**