# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01207-COA

**MICHAEL LOUIS STRAIGHT A/K/A MICHAEL STRAIGHT A/K/A MICHAEL LEWIS STRAIGHT**
APPELLANT

v.

**STATE OF MISSISSIPPI**
APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/15/2015 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH PRIDGEN GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF TRANSFER OF LESS THAN TWO GRAMS OF COCAINE AND SENTENCED AS A HABITUAL OFFENDER AND SUBSEQUENT DRUG OFFENDER TO TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION |
| DISPOSITION: | AFFIRMED - 11/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Michael Louis Straight was convicted in Harrison County Circuit Court of transfer of

less than two grams of cocaine and sentenced as a habitual offender and subsequent drug

offender to twelve years in the custody of the Mississippi Department of Corrections (MDOC). At trial, a witness testified that Straight was the person who gave her the cocaine and that she recognized him because she had gotten cocaine from him in the past. Straight moved for a mistrial on the basis of this testimony, which was denied because, though the witness improperly referred to Straight's prior bad acts, the testimony was not intentional and not solicited by the prosecution. Later, at the prosecution's request and over Straight's objection, the trial court gave a limiting instruction to the jury concerning any reference to prior bad acts. Straight appeals to this Court asserting the trial court erred in denying his motion for a mistrial and in giving the limiting instruction. Finding no reversible error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2.     On September 26, 2013, Clinton Fore, a narcotics investigator with the Biloxi Police Department, was working undercover as part of an ongoing drug-enforcement operation. Fore was equipped with an audio-recording device, and his activities were broadcast to other investigators in the area, including Lieutenant Aldon Helmert, Fore's supervisor. Fore was accompanied by Belinda Olsen, a confidential informant. Fore and Olsen encountered an African American male, wearing a desert-camouflage jacket, khaki cargo pants, and a ball cap, who was later identified as Straight. Fore and Olsen indicated to Straight that they were interested in purchasing sixty dollars worth of crack cocaine. Straight told Fore and Olsen to wait while he went and got the cocaine. After waiting a few minutes, Fore followed Straight in his car and observed Straight in the front yard of a residence. Straight approached

2

the driver's side of Fore's vehicle and handed him the cocaine. Fore gave Straight sixty dollars in premarked twenty-dollar bills. The entire transaction was recorded via Fore's audio device. Shortly after the purchase, Helmert made contact with Straight and identified him. Fore later identified Straight from a photograph.

¶3.     On January 12, 2015, Straight was indicted on one count of transfer or sale of less than two grams of cocaine as a habitual offender and subsequent drug offender.[1] On May 4, 2015, Straight moved to suppress any evidence of his prior bad acts, which the trial court granted prior to the commencement of trial.

¶4.     At trial, Fore testified to the events of the transaction that occurred on September 26, 2013, and confirmed that the voice on the audio recording was that of Straight. Fore also identified Straight in the courtroom. Helmert also testified and stated that he was familiar with Straight because of prior encounters and that, immediately following the transaction, he identified Straight based on the physical description given by Fore and Straight's proximity to the location of the transaction. Helmert also identified Straight in the courtroom and identified the voice on Fore's recording as Straight's.

¶5.     Olsen also testified at trial. She identified Straight as the person who sold Fore the cocaine and also testified that she was familiar with him prior to the transaction. She also identified the voice on Fore's recording as Straight's. On cross-examination, Olsen was asked about her identification, and possible misidentification, of Straight. On redirect examination, Olsen was asked again if Straight was the person from whom she and Fore

---

[1] Straight was not arrested on the day of the transaction due to the ongoing and prolonged nature of the undercover investigation.

bought the cocaine on September 26, 2013. She responded, "It is. And I've done it when I was in my using days, also, I bought from him." Straight contemporaneously objected to the remark and, following the State's case-in-chief, moved for a mistrial asserting that Olsen's remark was contrary to the trial court's ruling prohibiting the State from eliciting testimony regarding Straight's prior bad acts.

¶6. The trial court denied Straight's motion for a mistrial. It opined that the remark did not warrant a mistrial because the remark was "somewhat of a spontaneous response simply to confirm further her identification of the defendant . . ." and the question was not phrased to elicit her particular response. Straight presented no evidence in his defense.

¶7. The State requested a limiting instruction be given to the jury to cure Olsen's remark that she had previously purchased cocaine from Straight. The instruction stated:

> The court instructs the jury that any evidence of prior or subsequent bad acts or crimes of the defendant may be considered solely for the purpose of determining the defendant's intent, knowledge, or identity in this case. If the defendant has committed bad acts or crimes, they are not evidence corroborating or suggesting that the defendant is guilty of the crimes charged in this case.

Straight objected to giving a limiting instruction, stating that he did not want to draw attention to Olsen's remark. The State asserted, and the trial judge agreed, that the trial court was required to give a limiting instruction because of Olsen's reference to prior bad acts regardless of whether the defendant desired such an instruction or not. The trial judge overruled Straight's objection on this basis.

¶8. The jury found Straight guilty of transfer of less than two grams of cocaine. Straight was sentenced as a habitual offender and subsequent drug offender to twelve years in the

4

custody of the MDOC. Straight moved for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which was denied. Straight now appeals to this Court.

## DISCUSSION

¶9.     Straight argues that the trial court erred in refusing to grant his motion for a mistrial and in giving the jury a limiting instruction over his objection.

### I.     Denial of Motion for Mistrial

¶10.    The decision to grant or not grant a mistrial lies within the sound discretion of the trial court and is reviewed for abuse of discretion. *Clark v. State*, 40 So. 3d 531, 538 (¶14) (Miss. 2010). If error "substantially and irreparably" prejudices the defendant's case, then the trial court must grant a mistrial. *Id*. The trial judge has considerable discretion in determining if a mistrial is warranted. *Harrell v. State*, 947 So. 2d 309, 316 (¶23) (Miss. 2007). Evidence of prior bad acts is admissible under Mississippi Rule of Evidence 404(b)[2] if it passes the Mississippi Rule of Evidence 403[3] balancing test and is accompanied by a limiting instruction. *Smith v. State*, 839 So. 2d 489, 494-95 (¶7) (Miss. 2003).

¶11.    In *Yarbrough v. State*, a case similar to the one now before us, the State asked a witness the purpose of a meeting, and the witness's answer identified the defendant through

---

[2] Rule 404(b) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"; however, this evidence "may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

[3] Rule 403 states that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

prior bad acts. *Yarbrough v. State*, 911 So. 2d 951, 956-57 (¶¶14-17) (Miss. 2005). The court held that the testimony did not rise to the level of warranting a mistrial because the State did not "specifically elicit" the improper testimony, and the testimony was simply "more expansive than the question asked." *Id*. at 957 (¶17). Further, the trial judge in *Yarbrough* instructed the jury to ignore the reference to any prior bad acts. *Id*. at 956 (¶14).

¶12. Here, the trial judge weighed Olsen's statement that she had previously purchased drugs from Straight and acknowledged that the remark "was arguably within the gambit [sic] of potentially an objectionable kind of testimony from her regarding a prior bad act." He ultimately determined that neither the question nor the answer was meant to bring about the prior-bad-acts reference, and that the remark was directed toward her identification of Straight. Ultimately, the trial judge also gave a limiting instruction concerning the remark. We liken the situation before us to that in *Yarbrough*.

¶13. Here, Olsen testified that she knew and recognized Straight through previous encounters. After Olsen was questioned by Straight about her identification, or misidentification, of him, the State, on redirect, asked again if Straight was the person Olsen and Fore bought cocaine from on September 26, 2013. Olsen again identified Straight as the seller, and further confirmed her identification of him based on her prior purchases. Here, like in *Yarbrough*, the State did not elicit the improper statement, the testimony was more expansive than the question asked, and the trial judge instructed the jury to disregard the reference to prior bad acts. Thus, we find this issue is without merit.

## II. Issuing of Limiting Instruction

¶14. Jury instructions generally are within the discretion of the trial court. *Newell v. State*, 49 So. 3d 66, 73 (¶19) (Miss. 2010). The trial court is under no duty to issue a limiting instruction sua sponte for testimony of prior bad acts. *Brown v. State*, 890 So. 2d 901, 913 (¶36) (Miss. 2004), *cert. denied*, 544 U.S. 981 (2005). "The decision of whether to request the instruction [is] governed by [trial] counsel's tactical evaluation of the impact of the extrinsic event evidence on the jury." Parham Williams, *Williams on Mississippi Evidence* § 4.52, n.400 (2016) (citing M.R.E. 105 cmt. (citing *Freed v. Killman*, 6 So. 2d 909 (Miss. 1942))). Such an instruction may have the undesirable effect of actually drawing the fact-finder's attention to the prior-bad-acts evidence, and needlessly prejudicing the defendant. *Id*. § 4.52.

¶15. Here, Olsen had been questioned repeatedly by the prosecution on direct examination and the defense on cross-examination. On Olsen's third round of questioning on redirect about the certainty of her identification of Straight, she again identified Straight as the individual who sold her drugs. She then, without solicitation, confirmed her identification of Straight by saying that she was certain it was him because she knew him from her prior dealings with him. The prosecution requested a limiting instruction and was under the mistaken impression, along with the trial judge, that the instruction was required. As a result, the trial judge gave the instruction over the defense's objection. The instruction given did not draw attention to the unsolicited testimony by Olsen of Straight's prior bad acts but was generic in nature. Though it was not error here to allow the instruction, we note that the better practice is to defer to the defense's wishes concerning giving a limiting instruction in

such unsolicited or "blurt-out" situations. *See Brown*, 890 So. 2d at 913 (¶36).

¶16.    Even if allowing such an instruction was error, it was harmless. The unsolicited reference was for identification purposes, and not as proof of any conformity with prior behavior. Ample other evidence supported Straight's conviction. Fore testified that Straight sold him the cocaine, identified the voice on the recording as that of Straight, and identified Straight in the courtroom. Helmert testified that the voice on the recording was Straight's, and that Straight was the individual matching Fore's description in the area immediately after Fore and Olsen purchased the cocaine. Helmert identified Straight in the courtroom. Helmert further stated that he knew and recognized Straight from prior encounters. Further, without Olsen's unsolicited comment at issue, Olsen positively identified Straight in the courtroom and confirmed that Straight was the individual who sold her the cocaine on the date in question. We find this issue is without merit.

**CONCLUSION**

¶17.    We affirm the Harrison County Circuit Court's judgment of Straight's conviction for the transfer of less than two grams of cocaine.

¶18.    **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT, OF CONVICTION OF TRANSFER OF LESS THAN TWO GRAMS OF COCAINE, AND SENTENCE AS A HABITUAL OFFENDER AND SUBSEQUENT DRUG OFFENDER OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**